### No. 9989.

### BLACKMAN *v.* PRING.

Decided January 9, 1922.

Action for specific performance. Demurrer to complaint sustained.

### *Affirmed.*

1.  SPECIFIC PERFORMANCE—*Indefinite Contract.* Where a contract of option provided a consideration for 600 acres of a 950 acre tract, with no consideration expressed for the balance, it was

void as to the 350 acres, under the statute of frauds, section 2662, R. S. 1908.

2.      *Entire Contract to be Enforced.*  The general rule, applicable to this case is, that a contract to be specifically enforceable must be such as can be enforced in its entirety.  A partial enforcement will not suffice.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. CUNNINGHAM & FOARD, for plaintiff in error.

Messrs. ORR & LITTLE, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

PLAINTIFF below brought this suit to compel defendant to execute a deed for certain lands, or, if that should be shown, on the trial, to be impossible, then for damages. The trial court sustained a demurrer to the amended complaint.  Plaintiff elected to stand on the complaint, and judgment was entered for defendant.  The former has sued out this writ of error.

It appears from the complaint that plaintiff's rights are predicated upon a certain option agreement, contained in a farm lease, and his election to exercise his right of option and his tender of the purchase price named in the option agreement.

The demurrer was sustained, as appears from the briefs on either side, on the theory that the description of the land, as contained in the agreement, is so uncertain that the writing does not satisfy the statute of frauds, and specific performance does not lie with reference to the agreement.  The correctness of that theory is the only question to be now determined.

The land which by the agreement is leased is described as follows:

"*  *  *  Situated in the County of El Paso and State of Colorado, to-wit:

About 950 acres located near Pring Station on the Santa Fe R. R. Right of Way, the most of which is known as the

old Pring ranch or home ranch, and 120 acres of which is land recently acquired of O. P. Jackson."

The option agreement, contained in the lease which describes the leased lands as above set forth, reads as follows:

"The first party hereby agrees to give to second party the exclusive right to purchase the said premises at any time within one year from date hereof, upon the following terms and conditions; twenty-five dollars ($25.00) per acre for the six hundred acres upon which the permanent improvements of the ranch are now situated; said right to purchase to be extended and renewed as the said lease is extended and renewed."

It appears from the contract that the option, now sought to be enforced, is not given upon a tract of 600 acres, but upon the entire tract of 950 acres. The option paragraph of the contract expressly refers to "said premises," and these are described in the preceding paragraph and comprise an area of 950 acres.

The contract of option provides a consideration for 600 acres, but no consideration is expressed as to the remaining 350 acres. It follows that the option as to the 350 acres is void under our statute of frauds, section 2662 R. S. 1908, providing that "every contract  *  *  *  for the sale of any lands,  *  *  *  shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing."

Plaintiff is not entitled to specific performance of the remaining part of the contract. In *Riverside Co. v. Sawyer,* 24 Colo. App. 442, 447, 134 Pac. 1011, the court quoted the following from 36 Cyc. 572:

"A contract to be specifically enforceable, must be such as can be enforced in its entirety; a partial enforcement by piece-meal not sufficing."

While this is a general rule, having exceptions, it applies in the instant case. There is but one option, namely, on the entire tract of 950 acres, and it cannot be divided up, and enforcement sought as to 600 acres.

There was no error in sustaining the demurrer. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.